IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEVIN C. GOFORTH**                                                                          **PLAINTIFF**

V.                               No. 4:25-CV-00174-LPR-ERE

**SOCIAL SECURITY ADMINISTRATION,**
Commissioner                                                                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

**I.    Background**

On March 28, 2021, Mr. Kevin C. Goforth filed an application for disability benefits due to post-traumatic stress disorder ("PTSD"), right lower extremity radiculopathy, degenerative arthritis of the thoracolumbar spine, spinal stenosis, left lower extremity radiculopathy, tinnitus, sleep apnea, Meniere's disease, intervertebral disc syndrome, and anxiety. *Tr. 150, 160, 588-595.*

Mr. Goforth's claim was denied initially and upon reconsideration. At Mr. Goforth's request, an Administrative Law Judge ("ALJ") held a hearing on August 24, 2022, and the ALJ heard testimony from Mr. Goforth and a vocational expert

1

("VE"). *Tr. 107-139.* The ALJ issued a decision on September 30, 2022, finding that Mr. Goforth was not disabled. *Tr. 161-182.* On December 30, 2022, the Appeals Council remanded the case for a new hearing and decision. *Tr. 183-189.*

Following a second hearing, the ALJ, on June 30, 2023, again found that Mr. Goforth was not disabled. *Tr. 190-217.* On November 15, 2023, the Appeals Council again remanded the case for a new hearing and decision, noting that the ALJ did not properly incorporate evidence that Mr. Goforth needed a cane to ambulate. *Tr. 224.* On August 1, 2024, the ALJ again found Mr. Goforth was not disabled. *Tr. 22-52.* The Appeals Council declined review of the decision, making the ALJ's decision the Commissioner's final decision. *Tr. 10-14.*

Mr. Goforth was forty-six years old when he filed the application, has a high school education, and has past relevant work experience as a deputy sheriff. *Tr. 40.*

## II. The ALJ's Decision[1]

The ALJ found that Mr. Goforth had not engaged in substantial gainful activity since the alleged onset date of March 28, 2021. *Tr. 27.* The ALJ also concluded that Mr. Goforth had the following severe impairments: degenerative

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

disc disease, degenerative joint disease of the lumbar spine with sciatica, Meniere's disease, headaches, obstructive sleep apnea, obesity, PTSD, and anxiety disorder. *Tr. 28*. However, the ALJ concluded that Mr. Goforth did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 29-31*.

According to the ALJ, Mr. Goforth had the residual functional capacity ("RFC") to perform light exertional work, with the following limitations: (1) no climbing ladders, ropes, or scaffolds; (2) can frequently climb ramps and stairs; (3) can frequently stoop, kneel, crouch, and crawl; (4) never operating foot controls with the lower extremities; (5) no concentrated exposure to cold temperature extremes; (6) no more than moderate noise levels (as defined in the Selected Characteristics of Occupations)[2] in the workplace; (7) no exposure to hazards such as driving or operating dangerous machinery; (8) can understand, remember, and carry out simple instructions; and (9) only occasional interaction with the general public and supervisors required while performing work duties. *Tr. 32*.

The ALJ found that Mr. Goforth was unable to perform any past relevant work. *Tr. 40*. In response to hypothetical questions incorporating the above RFC, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Goforth could perform, including collator operator,

---

[2] https://obflegal.com/httpdocs/files/SCO.pdf.

apparel stock checker, and cafeteria attendant. *Tr. 41, 70.* Accordingly, the ALJ determined that Mr. Goforth was not disabled. *Id.*

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Mr. Goforth's Arguments for Reversal

Mr. Goforth contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ: (1) erred in how he evaluated the medical opinions; (2) did not incorporate all of Mr. Goforth's limitations (including the

4

alleged need for a cane for ambulation and balance) in the RFC; (3) did not fully consider Mr. Goforth's testimony; and (4) erred at Step Five. *Doc. 15*. After carefully reviewing the record as a whole, I recommend reversing the Commissioner's decision.

### C. Analysis[3]

Mr. Goforth suffers from lower back pain that radiated to his lower extremities, which has resulted in ambulation difficulties. He was diagnosed with degenerative arthritis, intervertebral disc syndrome, spinal stenosis, and right foot drop. *Tr. 3044-3045*. He testified that his pain was debilitating and that he used a cane regularly for walking and balance. *Tr. 3046*. At a clinic visit with Nurse Practitioner Alysa Hall in May 2021, he showed decreased range of motion in the lumbar spine in all directions and weakness in the hips and knees. *Tr. 3047-3055, 3069-3071*. Nurse Hall opined that Mr. Goforth would have difficulty bending, sitting, standing, walking, and ambulating; would need to frequently alternate positions; and would be prone to falling. *Tr. 3061, 3078*. The ALJ did not address Nurse Hall's findings.

At the Commissioner's request, Nurse Carrie Fendley performed a consultative examination on June 18, 2021. *Tr. 1414-1418*. Mr. Goforth told her

---

[3] This reversal is based on Mr. Goforth's ambulation difficulties and does not address the other arguments for reversal. See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

that pain interfered with his daily activities and that he needed help daily from his wife. *Id*. Upon examination, Mr. Goforth showed: (1) abnormal straight-leg raising in seated and supine position; (2) weakness in both legs; (3) an antalgic gait and station; (4) inability to tandem walk, heel-toe walk, and squat; and (5) decreased motion of the lumbar spine. *Id*. Additionally, Nurse Fendley noted that Mr. Goforth could not get up on the exam table. *Id*. She stated that a cane was medically necessary for both standing and walking. *Id*. Nurse Fendley opined that Mr. Goforth would have limitations in sitting, walking, and standing and that he must take frequent breaks when performing those activities. *Id*. The ALJ found Nurse Fendley's opinion to be unpersuasive, because at the end she noted that "information in this document is based on the information given to me from the patient.".[4] *Tr. 38-39, 1418*. But, obviously, Nurse Fendley performed an exam and observed Mr. Goforth, so her conclusions were not based solely on information from Mr. Goforth.

In 2021, two Disability Determination Services medical experts reviewed the evidence and both limited Mr. Goforth to an RFC for light work with postural

---

[4] The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id*. (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

limitations. *Tr. 139-156*. One expert determined that Mr. Goforth would need a cane for ambulation. *Tr. 144*. The ALJ found these opinions only partially persuasive, noting that while Mr. Goforth used a cane at times, he was prescribed one only after he had asked for a prescription. *Tr. 38*.

Mr. Goforth's providers regularly noted that he had an antalgic gait, decreased strength in his right lower extremity, and used a cane. *Tr. 1414-1417, 2154, 2604, 2648, 2679, 3177, 3391, 3403, 3433, 3488, 3539, 3579, 3630, 3649, 3806, 4086, 4186*. His PCP prescribed a motorized scooter in June 2021. *Tr. 65, 92-93, 3178*. Mr. Goforth said that while he could perform some daily activities, he needed help to do so. *Tr. 87-96, 126-131*. The ALJ noted that Mr. Goforth went to the gym and played with his grandchildren, but he ignored that Mr. Goforth said he could only ride the bike at the gym for a maximum of eight minutes and had to sit down to watch his grandchildren play. *Id*., *Tr. 36-37, 127-128*. Additionally, Mr. Goforth tried physical therapy, but it made his back pain worse. *Tr. 87, 119*.

The ALJ discounted the parts of the medical opinions which indicated a cane was necessary, and in so doing, the ALJ highlighted a few examples in the record of somewhat normal musculoskeletal exams and a normal gait. *Tr. 36-40*. The ALJ also dismissed the need for a cane because Mr. Goforth was prescribed a cane only when he asked his doctor for one. *Id*. Yet, multiple medical experts thought a cane

was medically necessary, and eventually he was even prescribed a power scooter. *Tr. 3178, 3191, 3226, 3275.*

The VE testified that there were no jobs Mr. Goforth could perform if a cane was necessary for both balance and ambulation. *Tr. 74*. The RFC did not include a need for a cane, although the record strongly suggests one was needed. This was not harmless error. Because the ALJ ignored or discounted relevant, credible evidence regarding Mr. Goforth's need for a cane, the RFC did not incorporate all of his limitations and reversal is warranted.

## IV.   Conclusion

The ALJ's decision was not supported by substantial evidence in the record as whole.

IT IS THEREFORE RECOMMENDED that the Court reverse the ALJ's decision and remand for further administrative review.

Dated 22 December 2025.

_____<br>UNITED STATES MAGISTRATE JUDGE